**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARA-LYNNE SCHENGRUND et al.,** | : | |
| **Plaintiffs** | : | **Civil Action No. 4:07-CV-718** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **THE PENNSYLVANIA STATE** | : | |
| **UNIVERSITY et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Defendants' motion to dismiss Plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 48.) The motion has been fully briefed, and is ripe for disposition. For the reasons that follow, the motion will be granted.

## I. BACKGROUND

Plaintiffs Cara-Lynne Schengrund, Joanna Floros, Kathryn Lanoue, Carol Whitfield, Judith Weisz, Margaret Goldman, Patricia S. Grigson, and Kathleen Mulder are or were female professors ("Professors") at the Penn State College of Medicine, also known as the Penn State Hershey Medical Center College of Medicine ("COM").

During their employment at COM, although salary information was kept confidential, Plaintiffs noticed disparities between their salaries and what appeared to be male professors' salaries. (Doc. No. 45 ¶ 29.) In or around 2000, senior women faculty members at COM formed a group to investigate and attempt to remedy the suspected salary inequities. (Id. ¶ 30.) Over the course of the next few years, several studies were conducted and most, if not all, demonstrated systemic gender bias in COM salaries. (Id.)

In response to the studies, particularly one done by Haignere, Inc. in 2004 ("Haignere study"), Defendants made across-the-board salary adjustments and even adjusted some

individual salaries. (Id. ¶ 31.) However, Plaintiffs allege that the adjustments did not fully remedy the inequity, and Plaintiffs allege that they continue to be denied equal pay, bonuses, retirement packages, and other benefits.

As a result of the wage discrepancies, Plaintiffs all filed claims with the Pennsylvania Human Resources Commission ("PHRC"), which lead to claims with the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs then filed this action within 90 days of receipt of their EEOC right-to-sue letters.

Since the filing of the lawsuit, Plaintiffs have amended their complaint once voluntarily (Doc. No. 12) and were allowed leave to amend again pursuant to this Court's order ("Prior Order") (Doc. No. 42) granting in part and dismissing in part Defendants' first motion for partial dismissal (Doc. No. 13). Plaintiffs amended their complaint to include details regarding the employment positions and responsibilities of each of the individual defendants and to clarify that their §§ 1983 and 1985 claims are based upon both violations of the Equal Protection Clause of the Fourteenth Amendment and Title IX of the Education Amendments of 1972. (Doc. No. 45.) Now before the Court is Defendants' motion for partial dismissal of Plaintiffs' second amended complaint. (Doc. No. 48.) The motion is fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir.

1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while this standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level'" in order to survive a 12(b)(6) motion to dismiss. Philips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

## III. DISCUSSION

### 1. Dismissal of claims against Dr. Spanier

Defendants first seek to remove Dr. Spanier, named as a Defendant only in his official capacity, from the caption of the case in light of the fact that all claims against him were dismissed in the Prior Order. Plaintiffs acknowledge this in their brief in opposition. Accordingly, Defendants' motion is granted; Spanier's name will be removed from the caption.

### 2. Dismissal of claims against the Board

Defendants next seek removal of the Board of Trustees of the Pennsylvania State University ("The Board") from the caption; they argue that all claims against the Board were also dismissed by the Prior Order. Plaintiffs interpreted the Prior Order to permit claims against the Board under the Federal Equal Pay Act only.

To clarify, the Prior Order discussed first that Plaintiffs' claim under the Equal Pay Act

could lie against the Board because Plaintiffs had sufficiently plead that the Board is an employer for purposes of the Act. (Doc. No. 42, at 13.) The Court also held that all claims brought against the Individual Plaintiffs and the Board in their official capacities which were also brought against PSU or COM should be dismissed as duplicative. (Doc. No. 42, at 15-16.) The Court based this decision on Third Circuit and Supreme Court precedent explaining that claims against government officials in their official capacity are tantamount to claims against the government entity itself because the satisfaction of judgment in either case would come from government funds. See e.g., Gregory v. Chehi, 843 F.2d 111 (3d Cir. 1988) (discussing how official-capacity suits "are only a duplication of the counts asserted" against the government entity itself). It follows from this discussion, then, that while Plaintiffs have sufficiently plead a cause of action against the Board under the Equal Pay Act, the claims against the Board should nonetheless be dismissed because Plaintiffs duplicatively allege the same cause of action against PSU and COM.

Therefore, the Court clarifies that its Prior Order dismissed the Board as to all claims also asserted against PSU and COM. Defendants' motion to dismiss is granted; all claims against the Board will be dismissed and the Board will be removed from the caption of the complaint.

**3. §§ 1983 and 1985 claims**

Finally, Defendants seek dismissal of Plaintiffs' claims under §§ 1983 and 1985 on the basis of Supreme Court and Third Circuit rulings that §§ 1983 and 1985 claims may not lie when Congress creates a separate comprehensive remedy under the statute itself. As with the Prior Order, the §§ 1983 and 1985 claims will be treated in tandem.

**A. Title IX claims under §§ 1983 and 1985**

Neither party denies that individually enforceable rights have been implied under Title IX. Plaintiffs argue that because the private rights are implied rather than express, Congress did not intend to preclude Title IX violations from also being remedied through § 1983. Yet, a distinction between implied and express rights of action is immaterial. The Third Circuit recently analyzed other circuits' rulings on the issue of whether an express private right of action is necessary to demonstrate Congressional intent to displace § 1983 remedies with those given under a particular statute in A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 803-06 (3d Cir. 2007). The court found that whether the private statutory remedy is express or implied makes no difference. Id., at 804 (disagreeing with the Sixth and Eighth Circuit's approach that Title IX's implied private right of action was not a sufficiently comprehensive remedial scheme to overcome the presumption that Congress also intended for there to be a remedy under § 1983, and relying on the Seventh and Second Circuit's approach that Title IX's implied rights are comprehensive enough to demonstrate an intent to override § 1983 remedies brought under the statute.) Although A.W. was a case brought under § 504 of the ADA and not a Title IX, the Third Circuit explicitly approved analogous Title IX cases in coming to its decision. Specifically, it relied upon a Second Circuit case holding that "Congress intended 'that a claimed violation of Title IX be pursued under Title IX and not § 1983.'" Id., at 805 (quoting Bruneau v. S. Kortright Cent. Sch. Dist., 163 F.3d 749 (2d Cir. 1998)).

Thus, as the Court stated in its Memorandum accompanying the Prior Order, §§1983 and 1985 may no longer be used to remedy violations of Title IX because Title IX is a "comprehensive enforcement scheme . . . incompatible with individual enforcement under § 1983." Rancho Palos Verdes, 544 U.S. 113, 120 (quoting Blessing v. Freestone, 520 U.S. 329,

341 (1997)). Accordingly, Defendants' motion to dismiss Plaintiffs §§ 1983 and 1985 claims precipitated on Title IX is granted; §§ 1983 and 1985 claims are dismissed as to all Defendants.

**B. Constitutional Claims under §§ 1983 and 1985**

Defendants argue that Plaintiffs' constitutional claims brought under §§ 1983 and 1985 should be dismissed under a theory of constitutional avoidance. The Court agrees.

As the Court discussed in the memorandum accompanying the Prior Order, "a court should not adjudicate freestanding constitutional claims if relief is available under Title IX because the remedy of § 1983 should not be used to supplant that of Title IX." (Doc. No. 42, at 10). That rule is derived from the well-known doctrine of constitutional avoidance and has been upheld by the Third Circuit in situations similar to the one *sub judice*. Williams v. Sch. Dist. Of Bethlehem, 998 F.2d 168, 176 (3d Cir. 1993) (finding that discussion of constitutional claims brought under § 1983 was unnecessary after a discussion of the Title IX claim); Pfeiffer v. Marion Center Area Sch. Dist., 917 F.2d 779, 789 (3d Cir. 1990) (finding that constitutional claims brought under §1983 are "subsumed" by Title IX and otherwise barred by Sea Clammers).

In this case, Plaintiffs properly have a cause of action under Title IX of the Education Amendments of 1972. Therefore, the Court is bound by Third Circuit and Supreme Court precedent to dismiss the §§ 1983 and 1985 constitutional claims arising from the same facts. Accordingly, Defendants' motion to dismiss will be granted. The court need not reach Defendants' alternative argument regarding the § 1985 claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for partial dismissal will be granted. An

appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARA-LYNNE SCHENGRUND et al.,** | : | |
| **Plaintiffs** | : | **Civil Action No. 4:07-CV-718** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **THE PENNSYLVANIA STATE** | : | |
| **UNIVERSITY et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, on this 12th day of January, 2009, for the reasons set forth in the memorandum accompanying this order, **IT IS HEREBY ORDERED THAT** Defendants' motion for partial dismissal of Plaintiffs' second amended complaint (Doc. No. 48) is **GRANTED**. All claims against Defendants Spanier and the Board of Trustees are dismissed, they are to be removed from the caption. Plaintiffs' § 1983 and § 1985 claims are also dismissed as to all Defendants.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania